UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ORR, <br><br> Plaintiff, <br><br> v. <br><br> MARK SEVIER, et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-438-RLM-MGG |

OPINION AND ORDER

Michael Orr, a prisoner without a lawyer, filed a complaint against Warden Mark Sevier, Wexford of Indiana, Nurse DeAngela Lewis, and Dr. Andrew Liaw because he believes the care he has received for his chronic headaches while incarcerated at the Westville Correctional Facility is inadequate. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Orr reports that he suffers from chronic headaches lasting from four hours to four days and, when he has a headache, he can't sleep, read, write, work, eat, or leave his cell. Mr. Orr alleges that, when he arrived at Westville on

October 6, 2016,[1] he reported that he suffered from headaches, and Dr. Liaw prescribed Tylenol, Aspirin, and Propananol. Between October 27, 2017 and January 5, 2019, Mr. Orr made fourteen reports to medical staff that his headaches drain his energy, disturb his sleep, and cause him to suffer from blurred vision. During that same time, Dr. Liaw saw Mr. Orr for seven chronic care visits at approximately 90-day intervals. Dr. Liaw wouldn't address his headaches at these visits and instead only addressed other chronic health care issues – an elbow injury and chronic asthma. Mr. Orr further alleges that Dr. Liaw knew, based on his medical history, that Tylenol, Aspirin and Propananol wouldn't treat his condition effectively. He alleges that Dr. Liaw's decision to categorize his headaches as not serious and treat them with these medications was motivated by a desire to save money.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted

---

[1] This may reflect a typographical error in the complaint, as Mr. Orr does not report requesting additional treatment for his headaches until October 27, 2017.

2

in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Accepting Mr. Orr's allegations as true and giving him the benefit of the inferences to which he is entitled, as the court must at this stage of the proceedings, Mr. Orr has alleged facts from which it could be inferred that Dr. Liaw was deliberately indifferent to his serious medical needs by providing inadequate treatment for Mr. Orr's chronic headaches.

Mr. Orr alleges that Nurse Lewis was "the responsible health authority at WCF/WCU, yet she refused [to] assure that Defendant Liaw['s] care was quality." (ECF 1 at 4.) This allegation doesn't state a claim upon which relief can be granted. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Nurse Lewis cannot be held liable simply because she oversees other medical staff. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Orr

3

further alleges that Nurse Lewis willfully relied upon information provided by Dr. Liaw that she knew was false to deny timely and appropriate care to Mr. Orr. Giving Mr. Orr the inferences to which he is entitled, this states a claim on which relief can be granted.

Mr. Orr has also sued Warden Sevier. Mr. Orr asserts that Warden Sevier "blindly relied upon inaccurate and false medical records that were clearly harming Orr." (ECF 1 at 5.) Non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." Burks v. Raemisch, 555 F.3d 592, 595, (7th Cir. 2009). Mr. Orr was getting three different medications for his headaches, and Warden Sevier was entitled to rely on the judgment of the medical staff at the prison to decide what specific treatment was appropriate for Mr. Orr. It wasn't deliberately indifferent for Warden Sevier to rely on the judgment of his medical staff, so this allegation doesn't state a claim against Warden Sevier in his individual capacity on which relief can be granted. But because Warden Sevier is ultimately responsible for ensuring that Mr. Orr receives medical care that complies with the Eighth Amendment, Mr. Orr may proceed against Warden Sevier in his official capacity to the extent Mr. Orr seeks injunctive relief.[2]

Mr. Orr also sues Wexford of Indiana, the private company that provides medical care to inmates, alleging that Wexford encourages its medical staff to

---

[2] To the extent that Mr. Orr might be alleging that Warden Sevier did not handle his grievances properly, Mr. Orr has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure).

4

delay and deny necessary medical care to save money. A private company can be held liable for constitutional violations when it performs a state function. West v. Atkins, 487 U.S. 42 (1988). Mr. Orr has alleged that, consistent with Wexford's policy of denying necessary medical care to save money, he was denied appropriate care for his chronic headaches in favor of less expensive but ineffective treatment options. Mr. Orr has stated a claim upon which relief can be granted against Wexford.

Mr. Orr alleges that, due to his headaches, he is a person with a disability within the meaning of the Americans with Disabilities Act, and he is being denied further medical tests and treatment in violation of the ADA. "To establish a violation of Title II of the ADA, the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015) (quotation marks and citation omitted). Mr. Orr doesn't identify a service, program, or activity within the meaning of ADA. *See* Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); Nesbitt v. Williams, No. 13 C 9241, 2017 WL 1079240, at *3 (N.D. Ill. Mar. 21, 2017) ("To the extent Nesbitt challenges the quality of the medical services he has received, such a claim is not cognizable under the ADA."). Furthermore, Mr. Orr hasn't alleged any facts that support his claim that he was denied care because he is disabled. He says he was denied care because it saves money.

5

Finally, Mr. Orr alleges that Nurse Lewis, Dr. Liaw, and Warden Sevier violated the ADA, but ADA claims must be brought against a governmental entity. 42 U.S.C. § 12101 *et seq.*; Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 670 (7th Cir. 2012) ("[E]mployees of the Department of Corrections are not amenable to suit under the … ADA."). Mr. Orr hasn't stated a claim on which relief can be granted under the ADA.

Mr. Orr alleges that Dr. Liaw, Nurse Lewis, and Warden Sevier conspired to deprive him of his right to fair and equal treatment. 42 U.S.C. section 1985 "prohibits a conspiracy . . . motivated by racial, or other class-based discriminatory animus." Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008). Mr. Orr makes the conclusory allegation of a conspiracy based on his disability, but he doesn't allege any facts supporting his claim of conspiracy.

Mr. Orr's complaint also includes a state law claim for indemnification against Wexford and Warden Sevier. The concept of indemnification is not applicable here. *See* Rotec v. Murray Equip., Inc., 626 N.E.2d 533 (Ind. Ct. App. 1994) (citations omitted). To the extent that Mr. Orr has invoked indemnification in an attempting to hold Wexford and Warden Sevier financially responsible for the wrongdoing of its employees, he can't succeed. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See* Burks v. Raemisch, 555 F.3d at 594; Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its

6

employees' deprivations of others' civil rights."). The court can't let Mr. Orr proceed on this claim.

Lastly, Mr. Orr's complaint contains a request for preliminary injunction, although he didn't file a separate motion, as required by this court's local rules. *See* N.D. Ind. L.R. 65-1 ("The court will consider requests for preliminary injunctions only if the moving party files a separate motion for relief."). Mr. Orr asks this court to order the defendants to provide him with adequate medical care and treatment for his headaches. The court will defer ruling on Mr. Orr's request for a preliminary injunction until Dr. Liaw, Nurse Lewis, and Warden Sevier have filed their declarations in response to this request and Mr. Orr has had an opportunity to reply.

For these reasons, the court:

(1) GRANTS Michael Orr leave to proceed against Dr. Andrew Liaw and Nurse DeAngela Lewis in their individual capacities for compensatory and punitive damages for deliberant indifference to his serious medical need for adequate treatment of his chronic headaches, in violation of the Eighth Amendment;

(2) GRANTS Mr. Orr leave to proceed against Dr. Andrew Liaw, Nurse DeAngela Lewis, and Warden Mark Sevier in their official capacities for injunctive relief to provide Michael Orr with adequate medical care for his chronic headaches, as required by the Eighth Amendment;

(3) GRANTS Mr. Orr leave to proceed against Wexford of Indiana for compensatory and punitive damages for following a policy of denying

7

necessary medical care in order to save money, resulting in him receiving inadequate care for his chronic headaches, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Andrew Liaw, DeAngela Lewis, and Warden Mark Sevier at the Indiana Department of Correction with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Wexford of Indiana at 9245 N. Meridian Street, Indianapolis, IN 46260 with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Andrew Liaw, DeAngela Lewis, Warden Mark Sevier, and Wexford of Indiana respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(8) ORDERS Dr. Andrew Liaw, DeAngela Lewis, and Warden Mark Sevier to file their declarations in response to Mr. Orr's request for a preliminary injunction along with their answers.

SO ORDERED on June 13, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT