UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

        Plaintiff,

    v.                                   CAUSE NO.: 3:19-CV-438-RLM-MGG

MARK SEVIER, et al.,

        Defendants.

## OPINION AND ORDER

Michael Orr filed a complaint alleging that the care he has received for his chronic headaches while incarcerated at the Westville Correctional Facility is constitutionally inadequate. He was granted leave to proceed against Dr. Andrew Liaw and Nurse DeAngela Lewis for deliberant indifference to his serious medical need for adequate treatment of his chronic headaches; Dr. Andrew Liaw, Nurse DeAngela Lewis, and Warden Mark Sevier to provide Michael Orr with adequate medical care for his chronic headaches; and Wexford of Indiana for following a policy of denying necessary medical care in order to save money, all in violation of the Eighth Amendment. ECF 4 at 7-8. The court also ordered Dr. Liaw, DeAngela Lewis, and Warden Sevier to file declarations in response to Mr. Orr's request for a preliminary injunction. ECF 4 at 8. Dr. Liaw, DeAngela Lewis, Wexford, and Warden Sevier have now responded[1] to the request for preliminary injunctive relief, and Mr. Orr has filed a reply. ECF 22; ECF 25; ECF 31.

---

[1] Although responses were filed, only Warden Galipeau provided the requested declaration.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). One seeking a preliminary injunction must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See* BBL, Inc. v. City of Angola, 809 F.3d 317, 323–324 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). It is true that every inmate is entitled to receive constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104–105 (1976). Before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See* Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012); Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

In his complaint, Mr. Orr asserts that he suffers from chronic headaches lasting from hours to days and, when he has a headache, he can't sleep, read, write, work, eat, or leave his cell. Mr. Orr alleges that, when he arrived at Westville on October 6, 2017, he reported that he suffered from headaches. He

told Dr. Liaw about his headaches on October 27, 2017, too, but Dr. Liaw wouldn't prescribe pain relief because Mr. Orr had not followed the procedure of first presenting that problem to a nurse at a sick call visit. Furthermore, he was already receiving Tylenol 3 with codeine for an elbow fracture, and aspirin and propanol for hypertension. Dr. Liaw told Mr. Orr that he should submit a health care request form when his medications for these unrelated issues expired. Between October 27, 2017 and January 5, 2019, Mr. Orr asserts that he made fourteen reports to medical staff that his headaches drain his energy, disturb his sleep, and cause him to suffer from blurred vision. During that same time, Dr. Liaw saw Mr. Orr for nine chronic care visits at approximately 90-day intervals. But Dr. Liaw would not address his headaches and instead only addressed other chronic health care issues – an elbow injury, chronic asthma, and hypertension. Mr. Orr further alleges that Dr. Liaw knew, based on his medical history, that Tylenol, Aspirin and Propanol wouldn't effectively treat his condition. He alleges that Dr. Liaw's decision to categorize his headaches as not serious and treat them with these medications was motivated by a desire to save money. In his complaint, Mr. Orr sought preliminary injunctive relief in the form or an order directing the defendants to provide him with adequate medical care and treatment for his headaches.

Since filing his complaint, Mr. Orr has had another appointment with Dr. Liaw. ECF 22-1 at 1-5. At that appointment, which occurred on October 29, 2019, Mr. Orr discussed his headaches with Dr. Liaw. *Id.* at 2. Mr. Orr reported that he has headaches on a daily basis. *Id.* He also reported that the headaches

might be stress-related. *Id.* Although Mr. Orr reported having a headache at the time of the appointment, Dr. Liaw's notes indicate that "he did not seem in acute distress with the regular light and sound levels." *Id.* The notes indicate that he flinched when the light of an otoscope was shined in his eyes, but the light was close to full brightness. *Id.* Dr. Liaw assessed headaches "with possible multifactorial causes." *Id.* His notes indicate that "migraines are a consideration but pt's presentation does not appear to be consistent with a typical migraine presentation." *Id.* The notes further indicate that Mr. Orr "is already on bblocker, which can help with stress and prevent migraines." *Id.* He ordered that sinus x-rays were to be obtained. *Id.* And, he recommended a mental health evaluation to provide instructions to Mr. Orr on coping with stress. *Id.*

"[T]he Constitution is not a medical code that mandates specific medical treatment." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

While Mr. Orr asserts that his requests for medical care for headaches have largely been ignored, the record establishes that Dr. Liaw has now discussed Mr. Orr's headaches with him and developed a treatment plan. Mr. Orr will have a chance to litigate whether the defendants were deliberately indifferent to his earlier requests for care, but a preliminary injunction isn't focused on the past – it is instead focused on the present and the future. Mr. Orr

4

is now receiving care. The Constitution does not require that Mr. Orr receive the treatment of his choice or even proper treatment – only treatment that reflects professional judgment. *See* Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation omitted). The record suggests that he is now receiving treatment that reflects professional judgment, even if medical professionals could disagree about the best treatment option. Given Dr. Liaw's willingness to treat Mr. Orr's headaches, should Mr. Orr require additional treatment for headaches, there is nothing in the record suggesting that an injunction is necessary to ensure he receives that care. In short, Mr. Orr hasn't shown a likelihood of success on the merits of his claim for preliminary injunctive relief.

As a final matter, the court notes that, instead of signing his documents, Mr. Orr has been typing his name on the signature line. Perhaps he was confused by similar "signatures" on motions filed by counsel. However, the typed name of an attorney on an electronically filed document is not a signature for purposes of Rule 11. Instead, the "attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney/participant's signature for Rule 11 and other purposes." Northern District of Indiana CM/ECF Civil and Criminal User Manual I.C. Accordingly, Mr. Orr must begin signing his documents and must stop typing his name in

lieu of a signature. If future documents are submitted without a signature, they may be stricken or summarily denied.

For these reasons, the court DENIES Michael Orr's requests for preliminary injunctive relief (ECF 1).

SO ORDERED on December 16, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT