UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

                    Plaintiff,

        v.                                    CAUSE NO. 3:19-CV-438-RLM-MGG

MARK SEVIER, et al.,

                    Defendants.

<u>OPINION AND ORDER</u>

Michael Orr, a prisoner without a lawyer, is proceeding in this case against four defendants on three claims. "[A]gainst Dr. Andrew Liaw and Nurse DeAngela Lewis in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical need for adequate treatment of his chronic headaches, in violation of the Eighth Amendment." ECF 4, at 7. "[A]gainst Dr. Andrew Liaw, Nurse DeAngela Lewis, and Warden [John Galipeau][1] in their official capacities for injunctive relief to provide Michael Orr with adequate medical care for his chronic headaches, as required by the Eighth Amendment." *Id*. "[A]gainst Wexford of Indiana for compensatory and punitive damages for following a policy of denying necessary medical care in order to save money, resulting in him receiving inadequate care for his chronic headaches, in violation of the Eighth Amendment." *Id*. at 7-8. Warden Galipeau moved for summary judgment, and Dr. Liaw, Nurse Lewis, and Wexford of Indiana filed a separate, joint motion for summary judgment.

[1] Warden Galipeau was automatically substituted for former Warden Mark Sevier pursuant to Fed. R. Civ. P. 25(d).

With the motions, the defendants provided Mr. Orr the notice arequired by N.D. Ind. L.R. 56-1(f). Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notices.

The court granted Mr. Orr's motion for more time to respond and extended the deadline to respond to the summary judgment motions to March 1, 2021. That deadline passed more than a month ago, but Mr. Orr has not responded to the summary judgment motions. It's time to decide the summary judgment motions.


## I.     FACTS

The court accepts Dr. Liaw's affidavit (ECF 67-2) as undisputed.[2] Wexford of Indiana, LLC employed Dr. Liaw as a licensed physician at the Westville Correctional Facility during all times relevant to the complaint. Mr. Orr was transferred to the Westville Correctional Facility in October 2017. Upon intake, Dr. Liaw saw Mr. Orr for a complaint of elbow discomfort. Dr. Liaw then began seeing Mr. Orr for chronic care visits on approximately 90-day intervals to provide treatment for Mr. Orr's asthma and hypertension. Dr. Liaw and Mr. Orr discussed Mr. Orr's asthma, hypertension, and arm pain during the first chronic care visit in October 2017.

In November 2017, Mr. Orr submitted a healthcare request complaining of headaches. A nurse assessed Mr. Orr but didn't make a referral for a physician to see him. Dr. Liaw and Mr. Orr first discussed Mr. Orr's headache complaints during his

---

[2] Because Mr. Orr didn't respond to the summary judgment motions, the court may accept the facts alleged in Dr. Liaw's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

second chronic care visit in January 2018. Dr. Liaw asked Mr. Orr if light triggered or exacerbated the headaches, and Mr. Orr said no. Dr. Liaw prescribed Mr. Orr with Tylenol and continued his prescriptions of Propranolol and Aspirin.

On January 30, 2018, Mr. Orr reported to a nurse that the Tylenol wasn't working. Dr. Liaw approved an order of Excedrin Migraine. Dr. Liaw tried to meet with Mr. Orr in April 2018, after Mr. Orr had declared a hunger strike, but Mr. Orr refused to meet with Dr. Liaw. Dr. Liaw saw Mr. Orr for a chronic care visit on May 4, 2018 to discuss his asthma, hypertension, and elbow pain. Dr. Liaw's notes don't indicate that they discussed Mr. Orr's headaches during this visit.

A nurse assessed Mr. Orr in May 2018 after he complained of headaches that were sensitive to light. Nursing staff referred Mr. Orr for assessment by an eye doctor. Dr. Liaw saw Mr. Orr for a chronic care visit in August 2018 to discuss his asthma, hypertension, and ongoing complaints of arm pain. Dr. Liaw's notes don't indicate that they discussed Mr. Orr's headaches during this visit.

Dr. Liaw again saw Mr. Orr at a November 2018 chronic care visit, and they thoroughly discussed his complaints of headaches. Mr. Orr was upset that he was only receiving Excedrin Migraine three times per week, but Dr. Liaw noted that that was the manufacturer's recommended dosage. Mr. Orr wanted a pain medication that he could take daily. Dr. Liaw didn't believe that opioid therapy – the next logical escalation of pain medication -- was appropriate, so he continued offering Mr. Orr Aspirin, Tylenol, and Propranolol.

Dr. Liaw saw Mr. Orr for another chronic care visit in March 2019, and there was no report of any difficulty or change in Mr. Orr's headaches. Dr. Liaw saw Mr. Orr again in August 2019 for a chronic care visit, but there was no discussion of any complaints about headaches. Mr. Orr was referred to Dr. Liaw again in October 2019 regarding ongoing elbow pain, but there was no discussion of headaches during that visit.

Dr. Liaw and Mr. Orr discussed Mr. Orr's headaches at the next chronic care visit in late October 2019, and Mr. Orr reported that he thought the headaches were related to stress. Dr. Liaw noted that Mr. Orr's presentation of symptoms wasn't consistent with traditional migraine headaches, and that he hadn't responded well to the previously provided treatment. Dr. Liaw ordered a sinus x-ray to rule out the existence of any sinus abnormality or fracture, and the x-ray returned normal. Dr. Liaw continued the prescription of Tylenol and recommended that a member of the mental health treatment staff assess Mr. Orr for stress triggers that might be impacting his headaches. Mr. Orr didn't present any complaint of headaches at a February 2020 chronic care visit.

Dr. Liaw attests that he always provided treatment whenever Mr. Orr complained of headaches, but that Mr. Orr's headaches didn't appear to be debilitating or to significantly impact his activities of daily living. Dr. Liaw explains that headaches can be triggered by various abnormalities, including tension, migraines, sinus abnormalities, or environmental factors such as stress or light sensitivity, and that Mr. Orr's symptoms were never consistent with the traditional

4

presentation of migraine headaches. Dr. Liaw affirms that he had no reason to believe that some undiagnosed neurological abnormality caused Mr. Orr's headaches, and that treating Mr. Orr's intermittent headaches with a chronic prescription for opioids would have been against the applicable standard of care.

## II.   ANALYSIS

### A.   Standard of Review

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

*B. Deliberate Indifference Claim Against Dr. Liaw*

The Eighth Amendment assures inmates of a minimal level of medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

A prisoner isn't entitled to demand specific care, nor is he entitled to the "best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). If the defendants have provided some level of care for a prisoner's medical condition, to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." Hayes v. Snyder, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment doesn't amount to an Eighth Amendment violation. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

6

No reasonable jury could determine that Dr. Liaw was deliberately indifferent to Mr. Orr's complaints of headaches. Mr. Orr alleges in his complaint that Dr. Liaw wouldn't address his headaches at the chronic care visits, but the undisputed evidence shows that Dr. Liaw addressed Mr. Orr's headaches on numerous occasions and pursued several treatment methods. Mr. Orr also alleges that Dr. Liaw knew that the prescriptions for Tylenol, Aspirin, and Propranolol wouldn't treat his headaches effectively, but Mr. Orr hasn't provided any evidence to contradict Dr. Liaw's affirmation that he believed that Mr. Orr received appropriate treatment for his headaches and that the next escalation of pain medication would have been against the applicable standard of care. *See* Snipes v. DeTella, 95 F.3d at 592; Jackson v. Kotter, 541 F.3d at 697 (holding that "medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards") (internal quotation marks and citation omitted). Mr. Orr hasn't provided any evidence of additional treatment methods that Dr. Liaw could have, but chose not to, pursue. In sum, although Mr. Orr disagrees with Dr. Liaw's treatment methods, the record contains no evidence by which a reasonable jury could conclude that Dr. Liaw's treatment was "plainly inappropriate." *See* Hayes v. Snyder, 546 F.3d at 524; Ciarpaglini v. Saini, 352 F.3d at 331. For these reasons, summary judgment is warranted in favor of Dr. Liaw on this claim.

### C.  Deliberate Indifference Claim Against Nurse Lewis

Mr. Orr alleges that Nurse Lewis was deliberately indifferent to his serious medical needs because she willfully relied upon information provided by Dr. Liaw that she knew was false to deny timely and appropriate care to Mr. Orr. ECF 1 at 5. Nurse Lewis submits an affidavit, in which she attests to the following facts that the court Mr. Orr hasn't disputed:

Nurse Lewis was the Health Services Administrator at the Westville Correctional Facility during the period covered by Mr. Orr's complaint. Nurse Lewis was to made sure that the appropriate person assessed each prisoner's medical needs. Mr. Orr submitted several grievances to Nurse Lewis about his headaches. Each time, Nurse Lewis made sure that staff saw him and that a licensed physician had ordered a treatment plan. Nurse Lewis ensured that Mr. Orr had constant access to care at the facility. Nurse Lewis was neither qualified nor licensed to change or second-guess those clinical treatment decisions. Nurse Lewis saw no shortcomings with the care and treatment provided by Dr. Liaw and believed that the treatment that Mr. Orr received was not "blatantly inappropriate."

No reasonable jury could conclude that Nurse Lewis was deliberately indifferent to Mr. Orr's medical needs. *See* Farmer v. Brennan, 511 U.S at 834; Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992) (holding that deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's

welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm). Summary judgment is warranted in favor of Nurse Lewis on this claim.

### D. Injunctive Relief: Dr. Liaw, Nurse Lewis, and Warden Galipeau

Mr. Orr asks for injunctive relief against Dr. Liaw, Nurse Lewis, and Warden Galipeau to provide him with adequate medical care for his chronic headaches. Because (1) the record shows that Mr. Orr is being treated for his headaches, and (2) Mr. Orr hasn't offered any evidence to contradict Dr. Liaw's affirmation that Mr. Orr has received appropriate care and treatment for his headaches and does not "require[] any additional or different medical treatment for this condition," Mr. Orr isn't entitled to injunctive relief. Summary judgment is warranted in the defendants' favor on Mr. Orr's injunctive relief claim.

### E. Eighth Amendment Claim Against Wexford

Mr. Orr alleges that Wexford violated his Eighth Amendment rights by denying him appropriate medical care for his chromic headaches in favor of less expensive but ineffective treatment options, pursuant to its policy to deny necessary medical care to save money. Mr. Orr hasn't presented any evidence that Wexford denied him access to available and more effective treatment options. Summary judgment is warranted in favor of Wexford on this claim.

### III.   CONCLUSION

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motions (ECF 59 and 66); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Michael Orr.

SO ORDERED on April 26, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT